THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| REPUBLIC-FRANKLIN INSURANCE COMPANY,<br><br>     Plaintiff,<br><br>v.<br><br>DONAT INSURANCE SERVICES, LLC,<br><br>     Defendants. | Case No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff REPUBLIC-FRANKLIN INSURANCE COMPANY ("RFIC") by and through its attorney, Jonathan L. Schwartz of Goldberg Segalla LLP, brings its Complaint for Declaratory Judgment against Defendant DONAT INSURANCE SERVICES, LLC ("Donat Insurance") and alleges the following:

### NATURE OF THE CASE

1. Plaintiff RFIC brings this action to obtain a declaratory judgment finding that it is entitled to rescind *ab initio* an insurance policy it issued to Donat Insurance.

2. The subject insurance policy is void *ab initio*, pursuant to Wis. Stat. § 631.11(1)(b), because the application completed by Donat Insurance, which was the basis for RFIC's decision to issue the policy with certain terms, conditions, and pricing, contained material misrepresentations about the existence of claims made, or facts, circumstances, or situations which would reasonably be expected to give rise to a future claim, against Donat Insurance prior to the inception of the policy. For instance, Donat Insurance failed to disclose to RFIC that it: (1) had been advised of an alleged error or omission in procuring insurance for Konopelski Festivals dba Shocktoberfest ("Shocktoberfest"); (2) was expressly advised on April 16, 2019 that it should notify its errors and omissions insurer of the Shocktoberfest Claim; (3) made payments out of agency funds to attorneys

27746597.v2

defending Shocktoberfest in a lawsuit; and (4) was aware of at least four other claims against its clients which may result in broker malpractice claims against Donat Insurance based on a negligent failure to procure appropriate coverage.

## JURISDICTION AND VENUE

3. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

4. Plaintiff REPUBLIC-FRANKLIN INSURANCE COMPANY ("RFIC") is a corporation organized under the laws of Ohio with its principal place of business in Columbus, Ohio.

5. Defendant DONAT INSURANCE SERVICES, LLC ("Donat Insurance") is a Wisconsin limited liability company. At all material times, the deceased, Kenneth Donat ("Mr. Donat") was a citizen of Wisconsin and the sole member of Donat Insurance.

6. Diversity jurisdiction exists in this matter because: (a) there is complete diversity of citizenship between Plaintiff, RFIC, on the one hand, and Defendant, Donat Insurance, on the other hand; and (b) the amount in controversy, including the potential cost of defending and indemnifying Donat Insurance against several claims, exceeds $75,000 exclusive of interests and costs.

7. Venue is appropriate under 28 U.S.C. § 1391 because: (1) Donat Insurance is a Wisconsin company; (2) Mr. Donat was a citizen of Wisconsin residing in this district; and (3) the formation, issuance, delivery, and execution of the subject insurance policy occurred in this district.

## APPLICATION AND POLICY

8. On or about November 21, 2019, Mr. Donat and Leigh Adamczak ("Ms. Adamczak"), on behalf of Donat Insurance, completed an application for a new insurance agents and brokers errors and omissions liability insurance policy to be provided by RFIC for the policy period February 25, 2020 to February 25, 2021 ("Application"). Mr. Donat signed the Application on November 21, 2019. A true and correct copy of the Application is attached hereto and incorporated herein as **Exhibit A**.

9. The Application identified Mr. Donat as one-hundred percent (100%) owner of Donat Insurance.

10. Donat Insurance answered "Yes" to Question #25, which asked, "Within the last 5 years, to the best of your knowledge, have any Errors and Omissions claims or incidents been made against the agency, any of its past or present personnel, or any predecessor agency?" The Application then states, "If yes, complete a claim supplemental form for each claim or incident."

11. Mr. Donat and Ms. Adamczak orally disclosed that Donat Insurance had one loss on October 31, 2014 when a storm caused a haunted house on a barge on Lake Michigan to sink. Donat Insurance advised it no longer wrote insurance for any special events on water. Donat Insurance did not disclose any other claims.

12. Donat Insurance also answered "No" to Question #26, which asked, "Are there any known circumstances or incidents that may result in an Errors and Omissions claim being made against the agency or agency personnel?"

13. Donat Insurance then answered "No" to Question #27, which asked, "Within the last 5 years, has the agency paid an uninsured loss out of agency funds?"

14. The Application includes a fraud warning which provides, in relevant part, "Any person who knowingly presents a false claim or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison, and denial of insurance benefits."

15. The Application further provides:

I/We HEREBY DECLARE that the above statements and particulars are true to the best of my/our knowledge and that I/we have not suppressed or misstated any facts, and I/we agree that this supplemental application shall be the basis of the coverage issued by the company providing this insurance, and shall be deemed attached to and part of the policy. It is also acknowledged that the applicant is obligated to report any changes in the information provided herein that occur after the date of signature but prior to the effective date of coverage.

16. Based on the Application, RFIC issued to Donat Insurance Services, LLC an Insurance Agents and Brokers Errors and Omissions Liability Policy, No. 5315109 EO, for the policy period February 25, 2020 to February 25, 2021 ("Policy"). A true and correct copy of the Policy is attached hereto and incorporated herein as **Exhibit B**.

17. The Policy, which provided coverage on a claims-made basis, specifically provides with respect to the Application:

> By acceptance of this policy, you and all insureds affirm as of the effective date of this policy that the statements in the application attached hereto and made a pert hereof are each insured's agreements and representations and are binding on each insured. You and all insureds acknowledge that we have issued this policy in reliance upon the truth and accuracy of such representations.

### KONOPELSKI FESTIVALS/SHOCKTOBERFEST CLAIM

18. On or about September 17, 2016, five individuals were allegedly injured on a Haunted Hayride at Konopelski Festivals dba Shocktoberfest ("Shocktoberfest") in Sinking Springs, PA. Two of the individuals filed a personal injury lawsuit alleging negligence on or about December 4, 2017, captioned *Jennifer Piece, et al. v. Shocktoberfest, et al.*, in the Berks County Court of Common Pleas, Pennsylvania, Case No. 2017-20695 ("Shocktoberfest Lawsuit"). A true and correct copy of the Shocktoberfest Lawsuit is attached hereto as **Exhibit C.**

19. Donat Insurance had procured Commercial General Liability insurance for Shocktoberfest through Mesa Underwriters Specialty Insurance Company ("MUSIC") with policy limits of $1 million per occurrence and $2 million aggregate.

20. Mr. Donat, on behalf of Donat Insurance, allegedly advised the plaintiffs' counsel that Shocktoberfest should be insured for $3 million in liability coverage for the plaintiffs' claims. The plaintiffs' counsel confirmed Mr. Donat's representation in a letter dated February 16, 2018. A true and correct copy of the letter is attached hereto as **Exhibit D**.

21. On or about April 25, 2018, MUSIC issued a letter to Shocktoberfest, disclaiming any duty to defend or indemnify Shocktoberfest against the claims brought in the Shocktoberfest Lawsuit. Specifically, the letter stated that there was no coverage for injuries arising from an automobile or trailer owned by Shocktoberfest, and in turn, no coverage was available for injuries occurring on the Haunted Hayride. A true and correct copy of the disclaimer letter is attached hereto as **Exhibit E**.

22. On or about April 16, 2019, one of Shocktoberfest's owners emailed Mr. Donat and stated, in part:

> We had a meeting with our attorney and our insurance agent that supplies our GL coverage for our company. It is their belief that this is the responsibility of your agency and would fall under your Errors and Omissions policy. They pointed out that we stated in the application that Shocktoberfest operates a hayride, but nowhere on the application does it ask how the hay wagons are pulled …. They stated it would have been your responsibility to notify us in this lapse in coverage due to the issue stemming from the hay wagon being pulled by a truck instead of a tractor. You would have then also sold us a commercial auto policy to cover the hayride.

A true and correct copy of the April 16, 2019 email is attached hereto as **Exhibit F**.

23. On or about July 28, 2020, one of Shocktoberfest's owners issued a letter to Donat Insurance accusing of a failure to procure proper insurance for Shocktoberfest, to submit the claim to its Errors & Omissions carrier, and to fulfill its agreement to fund Shocktoberfest's defense in the Shocktoberfest Lawsuit. A true and correct copy of the letter is attached hereto as **Exhibit G**.

24. Donat Insurance submitted the First Report – Notice of Claim or Incident to RFIC on or about August 11, 2020 ("Shocktoberfest Claim"). The First Report indicates that the alleged error was discovered on April 18, 2019. A true and correct copy of the First Report is attached hereto as **Exhibit H**.

## ADDITIONAL AND SUBSEQUENT CLAIMS

25. On or about November 12, 2019, Donat Insurance was notified of an alleged injury that occurred one month earlier at the Fright House at Sloss Furnace in Birmingham, AL. The individual allegedly injured her ankle on a "kiddie slide." Donat Insurance had procured a policy for

Sloss Fright Furnace Yarbrough Festival Foods Festival Inc. ("Sloss") that, according to the insurance company, Aegis Security Insurance Company ("ASIC"), did not provide coverage for any incidents involving slides. ASIC notified the claimant's counsel of the lack of coverage, copying Donat Insurance, on February 11, 2020. Donat Insurance submitted the First Report – Notice of Claim or Incident to RFIC on or about August 10, 2020 ("Sloss Claim"). The First Report does not set forth the date the alleged error was discovered. True and correct copies of the First Report and ASIC denial letter are attached hereto as **Exhibit I**.

26. Donat Insurance was notified of alleged injuries to two individuals that occurred on October 19, 2019 at The MAiZE/Cornbelly's ("Cornbelly's") in Spanish Fork, Utah. The individuals were allegedly injured on a zip-line. Donat Insurance had procured Special Event General Liability insurance for Cornbelly's through Mesa Underwriters Specialty Insurance Company ("MUSIC"), but the MUSIC policy did not provide coverage for zip-lines. Donat Insurance submitted the First Report – Notice of Claim to RFIC on or about August 10, 2020 ("Cornbelly's Claim"). The First Report indicates that the alleged error was discovered on "approximately" April 20, 2020. A true and correct copy of the First Report is attached hereto as **Exhibit J.**

27. Donat Insurance was notified of an alleged injury to an individual that occurred on November 1, 2019 at Stillwell Manor in Anderson, Illinois. The individual allegedly fractured her ankle in a ball pit at the bottom of a slide. Donat Insurance had procured Special Event General Liability insurance for Stillwell Manor/Helping Haunters Inc. ("Stillwell Manor"). Donat Insurance submitted the First Report – Notice of Claim or Incident to RFIC on or about August 10, 2020, alleging it first learned of the alleged error on May 3, 2020 ("Stillwell Manor Claim"). Details regarding the alleged error are not set forth in the First Notice. A true and correct copy of the First Notice is attached hereto as **Exhibit K**.

28.     Donat Insurance was notified of an alleged injury to an individual that occurred on October 12, 2019 at Wells Township Haunted House, Inc. ("Wells Township") in Brilliant, Ohio. The individual allegedly injured her pinkie while descending a slide.  The alleged injury occurred one week prior to inception of a policy procured by Donat Insurance that would afford coverage for Wells Township – Wells Township previously had only off-season general liability insurance coverage. Donat Insurance submitted the First Report – Notice of Claim or Incident to RFIC on or about August 10, 2020, alleging it first learned of the alleged error on July 13, 2020 ("Wells Township Claim").  A true and correct copy of the First Report is attached hereto as **Exhibit L**.

29.     These four additional potential errors and omissions claims – Sloss Claim, Cornbelly's Claim, Stillwell Manor Claim, and Wells Township Claim – are hereinafter collectively referred to as the "Additional Claims."

## GROUNDS FOR RESCISSION

30.     RFIC incorporates by reference paragraphs 1- 29 above as if fully stated herein.

31.     In issuing the Policy, RFIC reasonably relied upon Donat Insurance's statements in its Application.  A key statement was Donat Insurance's loss history of a single claim.  In reality, however, Donat Insurance omitted or concealed in response to Questions #25, 26 and 27 the Shocktoberfest Claim and its payment of a loss out of agency funds.   Indeed, prior to completing the Application, Donat Insurance was well aware of the Shocktoberfest Claim and that it had paid attorney fees to Shocktoberfest's defense counsel in the Shocktoberfest Lawsuit.

32.     The omission, non-disclosure, or concealment of the Shocktoberfest Claim and payment of Shocktoberfest's attorney fees prevented RFIC from properly evaluating the underwriting risks associated with Donat Insurance, and in turn, the Policy.

33.     Donat Insurance's misrepresentation on its Application induced RFIC into issuing the Policy.

34. RFIC would have not issued the Policy had it been aware of the Shocktoberfest Claim, irrespective of the potential for a premium increase.

35. Donat Insurance's material misrepresentation on the Application renders the Policy void *ab initio* pursuant to Wis. Stat. § 631.11(1)(b).

36. RFIC has returned to Donat Insurance the premium paid for the Policy.

37. All conditions precedent to this action have occurred prior to its filing.

38. Because the Policy is void *ad initio*, RFIC has no duty to negotiate or attempt to settle any current or future, known or unknown claims against Donat Insurance. RFIC also has no duty to defend or indemnify Donat Insurance in any lawsuit brought by any current or future, known or unknown claimants. This includes, but is not limited to, the Shocktoberfest Claim and the Additional Claims.

39. An actual controversy exists between RFIC, on the one hand, and Donat Insurance, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

WHEREFORE, Plaintiff Republic-Franklin Insurance Company respectfully requests that this Court declare and adjudge the controversy as follows:

A. RFIC Policy No. 5315109 EO is rescinded *ab initio*; and

B. The misrepresentation on the Application renders the Policy unenforceable and precludes all coverage for all claims and lawsuits reported under the Policy; and

C. Grant any other relief this Court deems just and equitable under the circumstances, including the award of RFIC's attorneys' fees and costs.

DATE: September 21, 2020          Respectfully submitted,

                                               **GOLDBERG SEGALLA LLP**

                                               By: /s/ Jonathan L. Schwartz
                                               One of the Attorneys for Republic-Franklin
                                               Insurance Company

Jonathan L. Schwartz (WI Bar #1099546)
GOLDBERG SEGALLA LLP
*Mailing Address:* P.O. Box 957, Buffalo, NY 14201
*Physical Address:* 222 W. Adams Street, Suite 2250, Chicago, IL 60606
Tel: (312) 572-8411
jschwartz@goldbergsegalla.com